IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIDGET BARTO, WILLIAM | : | |
| MORGAN and SHAWN BARTO, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| CHIEF MICHAEL P. COMBS, | : | |
| Defendant. | : | No.:  3:14-cv-01989 |

MEMORANDUM and ORDER

I.   Nature of Proceedings:

This matter is before the court on the defendant's partial motion to dismiss (Doc. 6) as to plaintiff, Bridget Barto.[1]

II.   Procedural History and Factual Background:

The plaintiffs commenced this §1983 action on October 14, 2014 against Michael Combs, the Chief of Police of the Minersville Borough Police Department.  The complaint (Doc. 1) alleges that the plaintiffs reside at 232 Middle Street, Minersville, Pennsylvania.  Further, the complaint alleges that on two separate occasions, the defendant unlawfully entered their home in violation of the Fourth Amendment. (Doc. 1 ¶¶ 8-10).

---

[1] The defendant also moves to dismiss the plaintiffs' claims for punitive damages.  The plaintiffs withdrew their claims for punitive damages in their filed response to defendant's partial motion to dismiss (Doc. 8).  We will enter an order granting the motion to dismiss as to the plaintiffs' claims for punitive damages.

The defendant filed the instant partial motion to dismiss the complaint against plaintiff, Bridget Barto (Doc. 6) on December 19, 2014.  The motion alleges: (1)   that plaintiff, Bridget Barto was not present during either of the alleged unlawful entries; (2) that the complaint fails to allege that property was damaged or seized; and (3) that the complaint fails to allege that an actual search took place, therefore her claim should be dismissed.  The parties have consented to the undersigned's jurisdiction which was approved by the Honorable Robert D. Mariani on February 19, 2015.  Counsel for the parties have briefed the issue and the matter is now ripe for our determination.  For the reasons set forth below, we will deny the partial motion to dismiss the complaint as to plaintiff, Bridget Barto.

III.   Discussion:

A.   Rule 12 (b)(6) Motion to Dismiss.

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.,* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

      B.    The Fourth Amendment Claim.

In resolving the motion before us, we are guided by the following rules: The Fourth Amendment protects an individual against an unlawful search or seizure by providing that the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated." U.S. Const. amend. IV; Eiland v. Jackson, 34 Fed. Appx. 40, 41 (3d

Cir. 2002); Snyder v. Daugherty, 899 F.Supp. 2d 391(W.D.Pa. 2012). In the seminal case on standing in the Fourth Amendment context, the Supreme Court held that standing depends upon "whether the disputed search and seizure has infringed upon an interest of the defendant which the Fourth Amendment was designed to protect. Rakas v. Illinois, 439 U.S. 128,140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). It is well-settled that the Fourth Amendment protects both property and privacy interests. Soldal v. Cook County Illinois, 506 U.S. 56, 63, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). It is also clear that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Brown v. United States, 411 U.S. 223, 230, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). In determining whether standing exists, we do not require that a litigant prove that his or her rights were actually violated to achieve standing. Rakas, 439 U.S. at 139, 99 S.Ct. 421. Rather, the litigant must merely allege an injury in fact. Id.

Warrantless entries into a home were recently discussed by the United States Supreme Court in Brigham City, Utah v. Stuart, 547 U.S. 398, 400 (2006). There, the Supreme Court held that police may enter a home without a warrant when they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury. In Brigham City, the

Supreme Court reiterated that it is a "basic principal of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." Id. at 403 citing Groh v. Ramirez, 540 U.S. 551, 559 (2004). The Supreme Court further stated that

> "[b]ecause the ultimate touchstone of the Fourth Amendment is 'reasonableness' the warrant requirement is subject to certain exceptions. We have held, for example, that law enforcement officers may make a warrantless entry onto private property to fight a fire and investigate its cause, to prevent imminent destruction of evidence, or to engage in 'hot pursuit' of a fleeing suspect."

Brigham City, 547 U.S. at 403 (citations omitted). "Warrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." Id., citing Mincey v Arizona, 437 U.S. 385, 393-394 (1978).

  The defendant's motion asserts that the plaintiff, Bridget Barto, lacks standing to bring this claim because she allegedly was not at home at the time the alleged unlawful entries into her home took place and that she failed to allege that property was damaged or seized and that an actual search took place. In order to

determine whether Bridget Barto has standing to bring her Fourth Amendment claim we must assess: (1) whether she asserted her own privacy or property rights under the Fourth Amendment; and (2) whether she alleged an injury in fact. Eiland v. Jackson, 34 Fed.Appx. at 41.  In order to determine whether a person has a legitimate expectation of privacy in the place searched is a fact-bound question dependent upon the strength of the interest in the property and nature of control that the person exerts over it.  United States v. Baker, 221 F.3d. 438, 442 (3d Cir. 2000).

    A review of the complaint reflects that Bridget Barto alleged that she resided at 232 Middle Street, Minersville, Pennsylvania.  (Doc. 1, ¶4).  She also alleged in the complaint that the defendant failed to obtain a warrant to enter her residence, that the defendant did not follow anyone in hot pursuit to her residence, and there were no emergent circumstances justifying his entry into her residence. (Doc. 1, ¶¶ 12-14) (emphasis added).  While we acknowledge that the complaint does not allege that Bridget Barto was present at the time of the defendant's entries into her home, we are not persuaded by defendant's reliance upon Eiland that Bridget Barto lacks standing because she was not at home at the time the alleged unlawful entries were made.  In Eiland, the entry was pursuant to a lawfully issued and uncontested search warrant.  Eiland, at 42.  The plaintiff there

claimed that the police violated the "knock and announce" rule. Here, Bridget Barto claims that the defendant was not legally permitted to enter her home. Also, if <u>Eiland</u> is extended to the facts before us, law enforcement would be permitted to enter anyone's home, provided no one was home. The Fourth Amendment was designed to protect the unlimited entry into an individual's home. As we are required to accept the well-pleaded facts alleged in the complaint as true, we find that for purposes of this motion Bridget Barto plead enough facts to establish that she had resided in the subject premises and as a result thereof had an expectation of privacy therein.

A further review of the complaint reflects that Bridget Barto alleged the following injuries: mental anguish with physical manifestations; inability to attend to her usual and daily duties; incurred expenses for medicine and medical attention; inability to enjoy life and life's pleasures; and feelings of insecurity in her home and future instances of police misconduct. (Doc. 1, ¶¶ 16-20). Thus, accepting the well-pleaded facts of the complaint as true, we find that she alleged an injury in fact. We note, however, that the defendant is not precluded from filing a motion for summary judgment testing the existence of a genuine issue of material fact upon completion of discovery. At this early stage of the litigation,

we find that the complaint as to Bridget Barto is sufficient to survive defendant's partial motion to dismiss.

An appropriate order shall issue.

*s/ Joseph F. Saporito, Jr.*  
JOSEPH F. SAPORITO, JR.  
U.S. Magistrate Judge

Date: March 20, 2015